[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM MOTION TO STRIKE #103
The plaintiff, Thomas Bombard, has filed a five count complaint against the defendants, Industrial Riggers, Inc. and Margaret D'Amico, alleging a wrongful termination of his employment and other related claims. Industrial Riggers, Inc. is a Connecticut corporation, Margaret D'Amico is an officer, director, and principle shareholder of Industrial Riggers, Inc.
Count one alleges that the plaintiff's termination was in breach of express and implied promises made by the corporate defendant. Count two alleges the defendant, Industrial Riggers, Inc., negligently misrepresented to the plaintiff that he would be terminated only for just cause and only after progressive discipline. Count three alleges breach of an employment contract by the defendants in terminating the plaintiff without just cause and without following progressive discipline (¶ 15) and breach of an oral promise to give him stock in Industrial Riggers in consideration of his continued employment (¶¶ 16, 17, and 18). Count four alleges that the defendants, through their agent, negligently inflicted emotional distress on the plaintiff when Industrial Riggers wrongfully terminated the plaintiff's employment. Count five alleges the plaintiff's termination violated General Statutes §§ 46a-58a[1]
and 46a-60 (a) (1)[2] because CT Page 368 the plaintiff's termination was based upon marital status discrimination.
The plaintiff alleges that he was employed by Industrial Riggers, Inc. from November 17, 1978 through January 1, 1996, when he was wrongfully discharged. It is the plaintiff's claim that when he was hired in 1978, Industrial Riggers represented that he could work for as long as he liked and that he would only be terminated for just cause and only following notice and progressive discipline. These policies were published in an employee handbook and distributed to all employees, including the plaintiff. During the course of his employment, the plaintiff never received any written warnings or other forms of discipline and he regularly received praise regarding his work.
In 1981, the plaintiff married the daughter of the defendant Margaret D'Amico. In late 1995, the plaintiff's marriage broke down and the marriage to the defendants D'Amico's daughter was dissolved. On January 1, 1996, the general manager for Industrial Riggers, Kenneth Depaolo, informed the plaintiff his employment was terminated. When the plaintiff asked Depaolo if the termination was due to his marital break up, Depaolo allegedly responded, "My hands are tied." The plaintiff alleges that Industrial Riggers terminated his employment in direct retaliation because of his divorce from the daughter of the defendant Ms. D'Amico.
The defendants have filed this timely Motion to Strike.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,577, 639 A.2d 293 (1997). "The motion to strike . . . challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted."P L Properties, Inc. v. Schnip Development Corp. ,35 Conn. App. 46, 50, 643 A.2d 1302, cert. denied,231 Conn. 931, 648 A.2d 155 (1994). "The motion to strike . . . admits all facts well pleaded." Napoleatanov. Cigna Healthcare of Connecticut, Inc., 238 Conn. 216,232, 680 A.2d 127 (1996). "What is necessarily implied need not be expressly alleged." Clohessy v. Bachelor,237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical
CT Page 369Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori,236 Conn. 820, 826, 676 A.2d 839 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra,240 Conn. 580.
"Where individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated. . . ." (Citations omitted; internal quotation marks omitted.) Zavo v.Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313902 (January 25, 1995, Cocco, J.).
A. Counts one and two: Breach of Promises and Negligent Misrepresentation
Count one alleges breach of express and implied promises and count two alleges negligent representation. It seems that both of these counts are brought against both defendants. Margaret D'Amico in her individual capacity has moved to strike these counts on the grounds that they were improperly directed against her in her individual capacity. She claims that there were no facts alleged that would implicate her apart from her corporate capacity. The plaintiff, in his memorandum stated "the [plaintiff] . . . offers no opposition to the Defendants' Motion to Strike the First and Second Counts as to Margaret D'Amico." as he claims that these counts are only directed at the corporate defendant. To the extent that they might be directed at the individual defendant, in her individual capacity the court will srike counts one and two as to the defendant Margaret D'Amico in her individual capacity.
B. Count Three: Breach of Contract
As has previously been noted, the plaintiff has alleged in count three both the breach of an employment contract (¶ 15) and breach of oral promises to give the plaintiff equity ownership in Industrial Riggers, Inc. (¶¶ 16, 17, 18) The defendants move to CT Page 370 strike the third count on the grounds that the plaintiff has failed to allege sufficient facts "to show that the contract for the purchase of stock of Industrial Riggers, Inc. . . . is enforceable under the terms of Section 41a-8-319 of the General Statutes" or "to demonstrate part performance, so as to take the alleged contract for the sale of stock out of the Statute of Frauds."
The defendants' motion to strike count three is directed to paragraphs 16, 17, and 18 of the plaintiff's third count, which alleges breach of an oral contract. Ordinarily if the allegations of a count allege a legally sufficient cause of action individual paragraphs can not be challenged, but since the plaintiff has not raised this argument and there is some authority that an attack of the legal insufficiency of paragraphs of a count can be made, in a motion to strike, where those paragraphs standing alone state a cause of action the court will consider this claim as to paragraphs 16, 17 and 18 of the third count. See Zavo v. Monanaro, supra, Superior Court, Docket No. 313902.
"The defense of the Statute of Frauds may be raised by a motion to strike." Boccuzzi v. Murphy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112957, (September 12, 1991, Karazin, J.). See also Breen v. Phelps,186 Conn. 86, 92, 439 A.2d 1066 (1982) (oral contract for sale of real estate). "Courts permit the Statute of Frauds to be raised by a motion to strike when the alleged agreement falls squarely within those categories of agreements required by the statute to be in writing." Buccuzzi, supra.
1. Part performance
A contract for the sale of stock must be in writing in order to be enforceable unless a statutory exception applies. General Statutes § 42-a-319. "It does not follow, however, that [such a] contract is unenforceable because it is oral." Burns v. Gould,172 Conn. 210, 220, 374 A.2d 193 (1977). "Full performance of the plaintiff's promise allows [him] to claim relief based on the agreement even though it was not in writing. . . ." Karanian v.Maulucci, 185 Conn. 320, 326, 440 A.2d 959 (1981). Where a party fully performs his obligation on a contract for the sale of securities by rendering services, the contract falls outside the statute of frauds because, in so performing, full payment has been made. Burns v. Gould, supra, 172 Conn. 222. Where, however, an employee is prevented from full performance by the wrongful termination by the employer, the employee's partial performance is CT Page 371 treated as substantial performance which entitles the employee to the amount of stock in relation to the amount of performance by the employee. Burns v. Gould, supra, 172 Conn. 220-22.
"The conduct [however] must be such as cannot `in the ordinary course of human conduct, be accounted for in any other manner as having been done in pursuance of a contract.'" Hall v. Pullins, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 091806, (April 21, 1992, Lewis, J.), quoting Lester v.Kinne, 37 Conn. 9, 14 (1870). To determine whether part performance will satisfy the evidentiary requirements of the statute of frauds, courts undertake a two-party analysis. Dunham v.Dunham, 204 Conn. 303, 314, 528 A.2d 1123 (1987); H. Pearce RealEstate Co. v. Kaiser, 176 Conn. 442, 443, 408 A.2d 230 (1979). The court examines whether "the conduct relied upon [is] referable to and consistent with the oral agreement . . . [and] . . . the conduct alleged to have been induced by reliance on the oral agreement [is] of such a character that repudiation of the contract by the other party would amount to perpetration of a fraud." (Citations omitted; internal quotation marks omitted.) H. PearceReal Estate Co., supra, 443.
The defendant moves to strike these paragraphs (16, 17 18) of count three on the grounds that the plaintiff fails to allege sufficient facts to qualify this oral agreement as an exception to the writing required by the Statute of Frauds. The plaintiff argues that his continued employment is sufficient part performance to overcome the Statute of Frauds. The plaintiff further argues that he satisfies the part performance exception by his "remaining a dedicated employee".
The court does not feel that "continued employment" or "remaining a dedicated employee" is part performance that would be sufficient to overcome the provisions of the statute of frauds. The plaintiff has failed to allege conduct that "cannot `in the ordinary course of human conduct, be accounted for in any other manner as having been done in pursuance of a contract.'" Hall v.Pullins, supra. While the plaintiff has alleged adequate consideration to support the existence of the contract through his continued employment, he fails to allege any additional facts which could be considered part performance relative to the agreement for the transfer of stock. See also Dunham v. Dunham, supra,204 Conn. 314-15; (capital improvements to real estate insufficient to remove from statute of frauds); Russell v. Dean Witter Reynolds,Inc., 200 Conn. 172, 187, 510 A.2d 972 (1986) (written confirmation CT Page 372 of oral contract for stock sale precludes parties from invoking statute of frauds); Karanian v. Maulucci, supra, 185 Conn. 325-26 (payment of money sufficient to enforce oral agreement for stock);Burns v. Gould, supra, 172 Conn. 220 (part performance of services contract may take contract for sale of stock outside of statute of frauds). In addition the plaintiff fails to plead any facts to support the proposition that failing to find an enforceable agreement would "amount to perpetration of a fraud." (Internal quotation marks omitted.) H. Pearce Real Estate Co. v. Kaiser, supra, 176 Conn. 443. The plaintiff has failed to plead sufficient facts to sustain an exception to the prohibition of Section 42-a-319 with regard the oral agreement as to the transfer of stock.
2. Promissory estoppel
In the alternative, the plaintiff argues that the doctrine of estoppel may act to enforce the oral contract for the transfer of stock. A claim of estoppel requires proof "of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . ." (Citations omitted; internal quotation marks omitted.) O'Sullivan v. Bergenty, 214 Conn. 641,648, 573 A.2d 729 (1990). Further, "[t]he acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute." (Internal quotation marks omitted.) DeLuca v. C. W. Blakeslee Sons, Inc.,174 Conn. 535, 544, 391 A.2d 170 (1978). In the present case, the plaintiff fails to allege any statement or conduct of the defendants calculated to induce the plaintiff's reliance and fails to allege any change in position in reliance on such actions by or intentions of the defendants. Instead, in his complaint, the plaintiff alleges he remained an employee of the defendants. SeeVirgulak v. Facsimile Marketing, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 113484 (January 25, 1994, Lewis, J.) (receiving less salary in reliance of promises enough to invoke promissory estoppel). The plaintiff has not allege facts of a character that could only be accounted for by the existence of a contract for stock. See DeLuca, supra, 544.
The plaintiff has failed to allege sufficient facts to sustain an exception to the Statute of Frauds, and therefore the defendants' motion to strike paragraphs 16, 17, and 18 of the CT Page 373 third count is granted.
C. Count Four: Negligent Infliction of Emotional Distress
In count four, the plaintiff has alleged the negligent infliction of emotional distress caused by his discharge. The defendants in opposition argue that the plaintiff has failed to allege sufficient facts to support this cause of action because "the alleged conduct of [the] defendant Industrial Riggers and [the] defendant's agent . . . as a matter of law, is not conduct which involves an unreasonable risk of causing emotional distress."
"[I]n order to state . . . a claim [for negligent infliction of emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 88, ___ A.2d ___ (1997). "[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct ofthe defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore, not, by itself, enough to sustain a claim for negligent infliction of emotional distress." (Emphasis not in original; citations omitted; internal quotation marks omitted.) Id., 88-89; Morris v.Hartford Courant Co., 200 Conn. 676, 681-682, 513 A.2d 66 (1986).
"The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Internal quotation marks omitted.) Id., 89. "Rather, a complaint must allege more, for instance, that the actual termination was `. . . done in an inconsiderate, humiliating, or embarrassing manner.'" Skierkowski v. Creative Graphics Service,Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 046324 (May 5, 1995, Handy, J.), quotingLeniart v. C S Distributors, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516354 (January 21, 1994, Corradino, J.). Whether a discharge based soley on the grounds that the plaintiff divorced the "boss'" daughter is "unreasonable" or "outrageous" conduct is a fact to be determined by the jury. Whether the method of such discharge so soon after his divorce was inconsiderate and humiliating is another question of fact for the jury. There may not be direct allegations that the plaintiff was embarrassed or humiliated by the discharge CT Page 374 but there is certainly sufficient facts alleged which would give rise to inferences that he was embarrassed and humiliated. The motion to strike count four is denied
D. Count Five: Employment Discrimination
In count five the plaintiff alleges that his termination was based on marital status discrimination in violation of General Statutes §§ 46a-58a and 46a-60 (a) (1). The defendants in support of this motion argues that "Section 46a-58a[3] of the General Statutes does not prohibit discrimination on account of marital status" and General Statutes § 46a-60 (a) (1) is not applicable to the plaintiff's claim since his termination was not prompted because of his marital status but because he divorced Ms. D'amico's daughter.
General Statutes § 46a-60 (a) states in relevant part: "It shall be a discriminatory practice in violation of this section . . . [f]or an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ . . . any individual . . . because of the individual's . . . marital status." General Statutes § 46a-60 (a).
Our court has dealt squarely with this issue in the well reasoned decision of Judge Moraghan in Blackwell v. DanburyHospital, Superior Court, judicial district of Danbury, Docket No. 321561 (June 26, 1996, Moraghan, J.). In Blackwell, Judge Moraghan addressed whether a company's anti-nepotism policy acted as a violation of the statute when it refused to hire the wife of one of its employees. The court there examined the legislative history of General Statutes § 46a-60 (a) and Public Acts 1974, No. 74-446[4], which amended the statute to included discrimination in employment on the basis of marital status. Id. In examining the legislative history of three acts enacted to prohibit marital discrimination in the areas of credit transactions[5], public accommodations[6], and in employment, the court concluded that the legislature did not intend protections governing marital status to include the identity of an individual's spouse. Id. "Based on the legislative history of . . . [the] three related acts, the definition of `marital status' can only be the condition of being single, married, separated, divorced or widowed. The marital status of a married individual is `married,' and the identity of the individual's spouse does not affect the status." Blackwell v. DanburyHospital, supra. In this case, the plaintiff alleges that CT Page 375 the wrongful termination of his employment was a direct result of the divorce of his spouse, the defendant D'Amico's daughter, and not whether he retained his previous marital status. The plaintiff does not allege he would have been terminated if he was involved in the process of divorcing any spouse; rather, he contends his termination resulted from the divorce of his ex-spouse, the majority shareholder's daughter.
This court agrees with Judge Morgan that the definition of "marital status" does not concern the identification of a particular person. Therefore the court will strike the fifth count of the complaint.
In summary, the court will dismiss counts one and two as to Margaret D'Amico in her individual capacity, and paragraphs 16, 17 and 18 of the third count, and count five in its entirety. The court will deny the motion to strike count four.
PELLEGRINO, J.